**CINCINNATI (city) v CINCINNATI STREET RY CO**

Ohio Appeals, 1st Dist, Hamilton Co

No 4305. Decided May 15, 1933

John D. Ellis, City Solicitor, Cincinnati, and Edward F. Alexander, Assistant City Solicitor, Cincinnati, for plaintiff in error.

Taft, Stettinius & Hollister, Cincinnati, for defendant in error.

348

By HAMILTON, PJ.

The record discloses the case was largely tried on the question of whether or not the license was a revenue measure, and, second, whether or not the State has pre-empted that field of taxation by levying an excise tax for the privilege of operating motor busses.

We do not find it necessary to discuss these questions, as in our opinion the decision rests on the proposition that Ordinance No. 246—1927, the Bus License Ordinance, is ineffective in so far as it affects the plaintiff.

In August, 1925, Council of the City of Cincinnati passed "Ordinance No. 322—1925, granting to The Cincinnati Street Railway Company a renewal for twenty-five years of the right to maintain and operate street railroads and street railroad routes and fixing the terms and conditions of such maintenance and operation and repealing and terminating existing grants."

This franchise grant was accepted in writing, as provided in the ordinance. It, therefore, became a binding contract between the City and the Cincinnati Street Railway Company for the period named. All terms and conditions of such maintenance and operation are provided in the ordinance.

In October, 1925 Council passed Ordinance No. 407—1925, which was designated, "An Ordinance supplementing Ordinance No. 322—1925, and authorizing The Cincinnati Street Railway Company, its successors and assigns, to operate motor busses, and motor bus, automotive vehicle and trackless trolley lines, as a part of its street railway system." This ordinance provided for the regulation and control and is headed: "That Ordinance No. 322—1925, of the City of Cincinnati, be and the same is hereby supplemented, by ordaining the following supplementary sections to read as follows:" Then follows the provision of the grant upon the public ways of the City of Cincinnati as a part of the street railway system as defined in Ordinance No. 322—1925, motor busses and other automotive vehicles and trackless trolley lines. The ordinance provides for certain regulations, bringing it under the control of the City in accordance with the provisions contained in Ordinance No. 322—1925, and provides for the acceptance by the Company in writing.

Thus we have the grant to plaintiff, the right to maintain and operate busses to be a part of the twenty-five year franchise

granted to the Cincinnati Street Railway Company, the plaintiff in this case. It was accepted by the Company and thereupon became a binding contract between the plaintiff Company and the City.

Regulation is fully provided for in the Ordinance itself, so that there is no necessity for a license charge for regulation.

The right to operate and maintain busses is granted in the ordinance.

So long as this remains the contract with the City, the City may not add additional burdens without violating the contractual rights of the Street Railway Company. It requires no citation of authorities on the proposition that the grant of a franchise such as this creates a contract. The decisions are uniform to this effect and none to the contrary.

The ordinance under which it is sought to collect a license fee from the Street Railway Company is a general regulatory measure. That Ordinance is No. 408—1925, and its title is: "To provide for the regulation of motor transportation companies engaged in the business of carrying passengers for hire, requiring a license, etc."

Since the grant to the Street Railway Company gives complete authority to operate and maintain its busses the attempt to add any additional money burden exacted under a penal ordinance before it could so operate, is clearly violative of its contractual rights under the franchise and the persistent threat of prosecution justifies injunctive relief to prevent the enforcement of the license ordinance against it.

The court being of the opinion that the plaintiff below was entitled to the injunction, it follows that the plaintiff was entitled to judgment on the second cause of action for the amount paid under duress. We find, however, that there is no justification for imposing any interest charges on the moneys paid.

The judgment of the trial court will, therefore, be modified by eliminating interest charges, and, as modified, will be affirmed.

ROSS and CUSHING, JJ, concur.